IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEYNE H. LONG, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., a<br>National Association, successor<br>in interest to COUNTRYWIDE BANK,<br>a California Corporation; and<br>RECONTRUST COMPANY, N.A., a<br>wholly-owned subsidiary of BANK<br>OF AMERICA, N.A.;<br><br>　　　　　　Defendants.<br>_____ | 2:12-cv-00542-GEB-CKD<br><br><u>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION TO DISMISS AND<br>REMANDING STATE CLAIMS</u> |

　　　　Defendants move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal with prejudice of Plaintiff's Verified First Amended Complaint ("FAC"). (Defs.' Not. of Mot. and Mot. to Dismiss FAC ("Defs.' Mot."), ECF No. 12.) Plaintiff opposes the motion. (Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), ECF No. 13.) Plaintiff alleges the following claims in the Verified FAC: fraud in the origination of the loan, wrongful foreclosure, violation of California Civil Code § 2923.6, violation of the Real Estate Settlement Procedures Act ("RESPA"), breach of contract, breach of the covenant of good faith and fair dealing, violation of the Truth in Lending Act ("TILA"), rescission, predatory

1

lending (violation of California Business & Professions Code § 17200), Unfair and Deceptive Business Act Practices ("UDAP"), negligence, declaratory relief, and quiet title. (FAC ¶¶ 57–254.)

## I. LEGAL STANDARD

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted) (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

//
//

## II. FACTUAL ALLEGATIONS

"On or about November 11, 2006, Plaintiff obtained an Option Adjustable Rate Mortgage, OPTION ARM, from COUNTRYWIDE, secured by a Deed of Trust, in the amount of $420,000.00 for her primary residence ["Subject Property"]. . . ." (FAC ¶ 18.) "In or around early November 2006, Plaintiff was contacted by telephone, by an Agent for COUNTRYWIDE, Silver Tree Lending Funding ("Agent"), for the purpose of obtaining the loan to purchase the Subject Property." (Id. ¶ 19.) Agent told Plaintiff that she would probably qualify for a $420,000 first mortgage, with a monthly payment of $1,385.00, and a $52,000 second mortgage, with a monthly payment of $476.35. (Id. ¶¶ 20-21.)

"[T]he entire [loan] transaction was consummated within ten (10) days from [Plaintiff's] initial contact with Agent." (Id. ¶ 25.) "On or about November 11, 2006, Plaintiff executed the closing loan documents at her home [spending] no more than fifteen (15) minutes with Agent, and was never explained what she was signing or the contents therein." (Id. ¶ 29.) "During the loan application process, Plaintiff was never given the opportunity to review the Application [or] informed of the contents therein." (Id. ¶ 24.) "It was not until June 2010, when she attempted to modify her loan that she discovered that her Application stated that her income was $12,400.00 per month and that she was self-employed for 4 years and 3 months." (Id.) Plaintiff never "discuss[ed] these income figures and employment information with Agent[,] . . . Plaintiff had told Agent that her income was $2,700.00 per month and she was employed as an engineer technician." (Id.)

"On or about June 10, 2010, . . . Plaintiff default[ed] on the Loan." (Id. ¶ 32.) "Plaintiff sent a qualified written request ("QWR") and a validation of debt (VOD) to Defendants on or about September 6,

3

2011[, to which] Defendants failed to properly respond." (Id. ¶ 114.) "On or about May 16, 2011, without [contacting Plaintiff], BOA, through its alleged trustee, RECON, recorded a Notice of Default on the Subject Property." (Id. ¶ 38.) "On or about August 18, 2011, BOA, through its alleged trustee, RECON, recorded a Notice of Trustee's Sale[, which] stated that the total amount [owed was] $479,677.25. The Trustee's sale was scheduled for September 13, 2011." (Id. ¶ 39.)

### III. DISCUSSION

Plaintiff's Verified FAC contains both federal and state claims. Plaintiff commenced the instant lawsuit in state court on January 26, 2012; Defendants removed that case to federal court, and Plaintiff subsequently filed her verified FAC. Since Plaintiff's state claims and issues appear to substantially predominate over Plaintiff's federal claims, the portion of the motion challenging the sufficiency of Plaintiff's federal claims will be addressed first. Plaintiff alleges federal claims under TILA (seventh claim) and RESPA (fourth claim).

**A. TILA Claim (Seventh Claim)**

Defendants argue that Plaintiff's TILA claim "relate[s] to the origination of the Loans [in November 2006] and [is] accordingly time-barred." (Defs.' Mot. 9:2-3 (citing FAC).) Defendants argue that "the statute of limitations on any claims related to the origination began to run in November 2006." (Id. 9:8-9.) Plaintiff rejoins that a claim "does not accrue 'until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'" (Pl.'s Opp'n 3:13-14 (quoting Cal. Code Civ. Proc. § 338(d)) (citing Broberg v. Guardian Life Ins. Co. of Am., 171 Cal. App. 4th 912, 920 (2009)).) Plaintiff argues that since she "did not discover the fraudulent facts[] (inflated income) used by Defendants to qualify her for the loan until [she] reviewed the original

4

loan documents in or around June 2010 while preparing a loan modification application[, her] claims accrued from discovery at this time." (Id. 3:27-4:2 (citation omitted) (citing FAC ¶ 24).)

In pertinent part, 15 U.S.C. § 1635(f) prescribes: "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). A TILA action for damages may be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

**1. Rescission**

"Unlike TILA's one year period for civil damages claims, the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled." Falcocchia v. Saxon Mortg., Inc., 709 F. Supp. 2d 860, 867. (E.D. Cal. 2010); see also McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("Because § 1635(f) is a statute of repose, it extinguished [the plaintiff's] right to rescission . . . three years after the consummation of the loan."). Here, Plaintiff avers in the verified FAC that "[o]n or about November 11, 2006, Plaintiff executed the closing loan documents at her home." (FAC ¶ 29.) Since Plaintiff did not commence the instant lawsuit in state court until January 26, 2012, Plaintiff's right to rescission under TILA is time barred.

**2. Damages**

Under 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the applicable limitations period until the borrower discovers or had reasonable

5

1 opportunity to discover the fraud or nondisclosures that form the basis
2 of the TILA action." <u>King v. State of Cal.</u>, 784 F.2d 910, 915 (9th Cir.
3 1986). Here, Plaintiff avers in the Verified FAC that "when Plaintiff
4 reviewed her Loan documents when [she] began the loan modification
5 process . . . (in or about June 2010) . . . [she] acquired knowledge of
6 the withheld disclosures." (FAC ¶ 67.) Assuming without deciding that
7 equitable tolling applies to Plaintiff's TILA damages claim, Plaintiff
8 would have needed to file her TILA damages claim by June 2011. Since
9 Plaintiff did not commence the instant lawsuit in state court until
10 January 26, 2012, Plaintiff's right to damages under TILA is time
11 barred. For the stated reasons, Plaintiff's TILA claim (seventh claim)
12 is dismissed with prejudice.

**B. RESPA Violation (Fourth Claim)**

14 Defendants argue that "Plaintiff fails to state a claim under
15 RESPA because she fails to allege pecuniary damages [in her claim] and
16 because she neglects to show a causal connection between the alleged
17 RESPA violations and any purported damage." (Defs.' Mot. 17:6-8.)
18 Plaintiff rejoins that she "sustained pecuniary damages including but
19 not limited to copying charges and postal fees in preparing and sending
20 Defendants the [Qualified Written Request ("QWR")] and lost income from
21 Plaintiff spending considerable time away from her employment preparing
22 the QWR and attempting to contact Defendant[s] to inquire about the
23 whereabouts of Defendant[s'] responses." (Opp'n 9:27-10:2 (citing FAC
24 ¶ 123).) Plaintiff also argues that "as a result of Defendants' actions
25 Plaintiff has sustained damages," which were "proximately caused by
26 Defendants' failure to respond to Plaintiff's QWR and violation of
27 § 2505(e)." (<u>Id.</u> 10:6-7.)

"'[C]ourts have interpreted th[e] requirement [to plead pecuniary loss under RESPA] liberally." Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (alterations in original) (quoting Greenpoint Mortg. Funding, Inc., No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 9, 2009)). For example, "[p]laintiffs [have] pl[ed] such a loss by claiming that they had suffered negative credit ratings as a result of violations of RESPA." Id. (citing Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)). Here, Plaintiff has alleged that "Defendants' failure to comply with 12 U.S.C. § 2605(e)(3) regarding Defendants' prohibition from reporting Plaintiff's overdue payments to any consumer reporting agency has caused Plaintiff significant injury to her credit score." (FAC ¶ 124.) Therefore, Plaintiff has alleged pecuniary damages.

However, Plaintiff's allegations regarding causation are merely conclusory statements. See Urbano II, 2013 WL 359655, at *7 (finding Plaintiff's conclusory statement regarding causation "fatal" to RESPA claim). Here, Plaintiff alleges that "[a]s a proximate result of Defendants' actions, Plaintiff has been damaged"; "Defendant's failure to comply with 12 U.S.C. § 2605(e)(3) . . . has caused Plaintiff significant injury to her credit score"; and "[a]s a result of Defendants' actions, Plaintiff has suffered damages." (FAC ¶¶ 122, 124-25.) "The fatal problem with Plaintiff's claim . . . is that she fails to allege facts sufficient to state a claim that Defendants' alleged failure to comply with RESPA caused the harm." Urbano II, 2013 WL 359655, at *7. Further, "to the extent the [F]AC alleges that [D]efendants violated 12 U.S.C. § 2605(e)(3) . . . , this allegation, on its own, is insufficient to assert a violation of § 2605(e)(3) [since i]t is wholly conclusory and fails to describe when and to whom

7

1  Defendants allegedly provided the information." Id. (citing Midouin v.
2  Downey Sav. & Loan Ass'n, F.A., 834 F. Supp. 2d 95, 110–12 (E.D.N.Y.
3  2011); Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 WL
4  1820935, at *10 (E.D. Pa. Apr. 22, 2008)). Since all of Plaintiff's
5  allegations in the fourth claim regarding causation are "wholly
6  conclusory," Plaintiff's fourth claim is dismissed without prejudice.
7  Urbano II, 2013 WL 359655, at *7.

**C. Supplemental Jurisdiction**

Since the only remaining federal claim is Plaintiff's RESPA claim, assuming Plaintiff is able to allege a sufficient causation element, the issue is reached whether Plaintiff's state claims "substantially predominate" over Plaintiff's federal RESPA claim.

When "the state issues substantially predominate [over a federal claim or claims], whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," the district court may decline to exercise supplemental jurisdiction so that the "state claims may be . . . left for resolution to state tribunals." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 727 (1966). The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted) (citing Allen v. City of L.A., 92 F.3d 842, 846 (9th Cir. 1996); Exec. Software N. Am. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994)).

Plaintiff alleges the following state claims: fraud in the origination of the loan, wrongful foreclosure, violation of California

Civil Code § 2923.6, breach of contract, breach of the covenant of good faith and fair dealing, rescission, predatory lending (violation of California Business & Professions Code § 17200), Unfair and Deceptive Business Act Practices ("UDAP"), negligence, declaratory relief, and quiet title. Even if Plaintiff can allege a viable RESPA claim, it is evident that the extent of the state claims–"in terms of proof, of the scope of the issues raised, [and] of the comprehensiveness of the remed[ies] sought"–would greatly exceed the scope of the RESPA claim. Gibbs, 383 U.S. at 726.

The state claims are based on factual allegations concerning loan origination, attempted acquisition of a loan modification, and the foreclosure process. In contrast, any actionable RESPA claim would be limited to a determination of whether Defendants violated 12 U.S.C. § 2605(e), which requires a loan servicer to respond in a timely manner to a borrower's inquiry about her mortgage loan. Further, recovery under RESPA is limited to "actual damages to the borrower as a result of the failure," "additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000," and "costs of the action, together with [reasonable] attorneys fees incurred in connection with such action." 12 U.S.C.§ 2605(f)(1), (3). Therefore, Plaintiff's RESPA claim has little factual overlap with her state claims, and the relief sought under the RESPA claim is distinct from that sought under the state claims.

Since Plaintiff's state claims substantially predominate over the dismissed RESPA claim, and comity, fairness, and judicial economy do not weigh in favor of exercising supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(2), Plaintiff's state

claims are remanded to the Superior Court of California, County of Solano.

### IV. CONCLUSION

Plaintiff is granted fourteen (14) days from the date on which this Order is filed to file a Second Amended Complaint addressing the deficiencies in her RESPA claim. Plaintiff is warned that the dismissal of this claim could be with prejudice if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated: March 28, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

10